USDC SCAN INDEX SHEET

















CSG    11/30/04    6:23

3:03-CV-01614   MINEBEA CO LTD V. CHICONY ELECTRONICS

*27*

*AMDCMP.*

La BELLA & McNAMARA LLP
Charles G. La Bella (State Bar No. 183448)
Matthew C. Elstein (State Bar No. 174400)
401 West "A" Street, Suite 1150
San Diego, California 92101
Telephone: (619) 696-9200
Facsimile: (619) 696-9269

SCHULTE ROTH & ZABEL LLP
Joel E. Lutzker
David H. Kagan
Benjamin Levi
Malcolm J. Duncan
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955

Attorneys for Plaintiff Minebea Company, Ltd.

FILED

04 NOV 29 PM 4:03

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINEBEA CO., LTD., a Japanese Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHICONY ELECTRONICS COMPANY, LTD., a Taiwanese corporation; CHICONY AMERICA, INC., a California corporation; and THINK OUTSIDE, INC., a California Corporation<br><br>　　　　　Defendants. | Case No.: 03-cv-1614 – BTM (BLM)<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT;**<br><br>**DEMAND FOR JURY TRIAL** |

03-cv-1614-BTM (BLM)
First Amended Complaint

Plaintiff Minebea Co., Ltd. ("Minebea"), for its First Amended Complaint against Defendants Chicony Electronics Co., Ltd. ("Chicony Electronics"), Chicony America, Inc. ("Chicony America") (collectively, "Chicony"), and Think Outside, Inc. ("Think Outside") alleges as follows:

## JURISDICTION AND VENUE

1.      Pursuant to 28 U.S.C. §§ 1331 and 1338, the Court has subject matter jurisdiction over the claims for relief alleged herein because this matter arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

2.      Pursuant to 28 U.S.C. §§ 1391 and 1400, venue is proper in this District because Defendants reside in this District.

3.      This Court also has personal jurisdiction over Chicony Electronics pursuant to Federal Rule of Civil Procedure 4(k)(2).

## PARTIES

4.      Plaintiff Minebea is a corporation organized under the laws of Japan with its principal place of business at ARCO Tower, 19th Floor, No. 1-8-1, Shimo-Meguro 1-chrome, Meguro-ku, Tokyo 153, Japan.  Minebea is a manufacturer of electronic devices, including computer keyboards.

5.      Upon information and belief, Chicony Electronics is a corporation of Taiwan, with a principal place of business at No., 25, Wu-Gong 6th Road, Wu-Ku Industrial Park, Taipei Hsien 249, Taiwan.  Chicony Electronics is a manufacturer, seller, and exporter of computer equipment and computer keyboards.  Chicony Electronics manufactures, sells, imports, and sells for importation into the United States computer equipment and computer keyboards.

6.      Upon information and belief, Chicony America is a corporation organized under the laws of California, with a principal place of business at 53 Parker, Irvine, California 92618.  Upon information and belief, Chicony America is a wholly owned subsidiary of Chicony Electronics.  Chicony America is a manufacturer, seller, and importer

1

of computer equipment and computer keyboards. Chicony America manufactures, sells, and imports into the United States computer equipment and computer keyboards.

7. On information and belief, Think Outside is a corporation organized under the laws of the State of California with its principal place of business located at 5790 Fleet Street, Suite 130, Carlsbad, California 92008, and with a research and development facility located in Santa Clara, California. Think Outside designs, markets, arranges for the manufacture of, purchases, and sells computer keyboards, including a line of keyboards known as the Stowaway Portable Keyboard and the Ultrathin keyboard, in the United States.

## FIRST CLAIM FOR RELIEF

## PATENT INFRIGMENT

### (Against Defendants Chicony Electronics and Chicony America)

8. Plaintiff Minebea repeats and realleges Paragraphs 1 through 7, inclusive, as though fully set forth herein, and incorporates them by reference.

9. United States Patent No. 4,433,225 ("the '225 Patent"), a copy of which is attached hereto as Exhibit 1, was duly and legally issued by the United States Patent and Trademark Office on February 21, 1984. The '225 Patent, which is entitled "Keytop Levelling Mechanism," relates to a keytop leveling mechanism useful in computer keyboards.

10. Minebea is the assignee of all rights, title, and interest to the '225 Patent.

11. Chicony is and has been aware of the '225 Patent.

12. Chicony has infringed and is continuing to infringe at least one claim of the '225 Patent in violation of 35 U.S.C. § 271 by the manufacture, sale, offer for sale, and importation of their computer keyboards.

13. Further, Chicony, by reason of their manufacture, sale, offer for sale, and importation of their computer keyboards have induced the infringement and are continuing to induce the infringement of at least one claim of the '225 Patent in violation of 35 U.S.C. § 271(b).

03-cv-1614 BTM (BLM)
First Amended Complaint

14. Further, Chicony, by reason of their manufacture, sale, offer for sale, and importation of their computer keyboards have contributorily infringed and are continuing to contributorily infringe at least one claim of the '225 Patent in violation of 35 U.S.C. § 271(c).

15. By reason of Chicony's infringement of the '225 Patent, Minebea has suffered and is continuing to suffer damages for which Minebea is entitled to compensation as allowed to the full extent of the law, pursuant to 35 U.S.C. §§ 281, 284.

16. Because Chicony's infringement of the '225 Patent is willful, Minebea is entitled to treble damages pursuant to 35 U.S.C. § 284.

17. This case should be deemed as exceptional, and Minebea is entitled to an award of its attorneys' fees pursuant to 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF

## PATENT INFRIGMENT

### (Against Defendant Think Outside)

18. Plaintiff Minebea repeats and realleges Paragraphs 1 through 7, 9 and 10, inclusive, as though fully set forth herein, and incorporates them by reference.

19. Think Outside imports and sells in the United States and has in the past imported and sold computer keyboards manufactured for, or otherwise supplied to it by, Chicony Electronics or Chicony America (hereinafter "the Chicony Supplied TOS Products"). The Chicony Supplied TOS Products infringe one or more claim of the '225 Patent.

20. Think Outside is and has been aware of the '225 Patent.

21. By reason of Think Outside's infringement of the '225 Patent by its importation and sale of the Chicony Supplied TOS Products, Minebea has suffered damages for which Minebea is entitled to compensation as allowed to the full extent of the law, pursuant to 35 U.S.C. §§ 281, 284.

22. Because Think Outside's infringement of the '225 Patent by its importation and sale of the Chicony Supplied TOS Products is willful, Minebea is entitled to treble damages pursuant to 35 U.S.C. § 284.

3

23. This case should be deemed as exceptional, and Minebea is entitled to an award of its attorneys' fees pursuant to 35 U.S.C. § 285.

WHEREFORE, Minebea prays for judgment as follows:

A. That the Court enter judgment that Chicony Electronics and Chicony America are liable for infringement, inducement to infringe, and contributory infringement of the '225 Patent in violation of 35 U.S.C. § 271;

B. That the Court enter judgment that by virtue of its importation and sale of the Chicony Supplied TOS Products Think Outside is liable for infringement, of the '225 Patent in violation of 35 U.S.C. § 271;

C. That the Court award Minebea compensatory damages to the fullest extent permitted by 25 U.S.C. § 284;

D. That the Court enter judgment that Defendants' infringement is willful, and award Minebea treble damages pursuant to 35 U.S.C. § 284;

E. A determination and ruling that this case is exceptional, and an award to Minebea of its attorneys' fees pursuant to 35 U.S.C. § 285; and

F. Such other and further relief as this Court deems just and proper.

Dated: November 1̸8, 2004

LA BELLA & MCNAMARA LLP

By: _____
Matthew C. Elstein
Attorneys for Plaintiff Minebea Co. Ltd.

**DEMAND FOR JURY TRIAL**

Plaintiff Minebea demands a trial by jury of all issue trial of right by jury.

Dated: November 1̸8, 2004

LA BELLA & MCNAMARA LLP

By: _____
Matthew C. Elstein
Attorneys for Plaintiff Minebea Co. Ltd.

4

03-cv-1614 BTM (BLM)
First Amended Complaint

LA BELLA & McNAMARA LLP
Charles G. La Bella (State Bar No. 183448)
Matthew C. Elstein (State Bar No. 174400)
401 West "A" Street, Suite 1150
San Diego, California 92101
Telephone: (619) 696-9200
Facsimile: (619) 696-9269

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955

Attorneys for Plaintiff MINEBEA CO., LTD.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINEBEA CO., LTD., a Japanese Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CHICONY ELECTRONICS COMPANY, LTD., a Taiwanese corporation; CHICONY AMERICA, INC., a California corporation; and THINK OUTSIDE, INC., a California Corporation <br><br> Defendants. | CASE NO. 03- cv-1614 - BTM (BLM) <br><br><br> **PROOF OF SERVICE** |

I, June C. Hall, declare as follows:

I am an employee of a member of the bar of this Court at whose direction the service was made in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is:

401 West "A" Street, Suite 1150, San Diego, California 92101.

On November 29, 2004, I served the following document(s) described as:

as follows:   **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL**

1

_____ **MAIL** by causing a true copy thereof to be placed in a sealed envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California addressed as indicated below. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

_____ **FACSIMILE** by causing such document to be transmitted by facsimile machine to the office(s) of the parties indicated below. The facsimile machine used complied with Rule 2003 and no error was reported by the machine.

__X__ **OVERNITE EXPRESS / FEDERAL EXPRESS** by causing a true copy thereof to be placed in a sealed envelope addressed to the office(s) of the parties fully prepaid to be placed in Overnite Express / Federal Express delivery service box at 401 West "A" Street, San Diego, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for Federal Express service. It is deposited with FEDERAL EXPRESS on that same day in the ordinary course of business.

Michael A. Jacobs
Paul A. Friedman
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482
Tel: (415) 268-7000
Fax: (415) 268-7522

_____ **BY PERSONAL SERVICE** by causing a true and correct copy of the aforementioned document(s) to be delivered to the parties on the attached service list this date by Diversified Legal Services, Inc.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct. Executed on November 29, 2004 at San Diego, California.

June C. Hall

2